Judge McMahon  13 CV 3653

Louis Pechman, Esq.
Jessica N. Tischler, Esq.
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500

D. Maimon Kirschenbaum, Esq.
Denise Schulman, Esq.
Joseph & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY  10279
(212) 688-5640



*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVO JUHANI, BERNARD BURLEW, KENYON OSTER, CHRISTIAN WILBUR, and OSIEL SALDIVAR, on behalf of themselves and all others similarly situated, | **COMPLAINT** **COLLECTIVE AND CLASS ACTION** |
| Plaintiffs, | **ECF CASE** |
| -against- | **JURY TRIAL REQUESTED** |
| CROWN GROUP HOSPITALITY, LLC, THE LION RESTAURANT GROUP, LLC d/b/a THE LION, 24 EAST 81ST STREET RESTAURANT, LLC d/b/a CROWN, 57 EAST 54TH STREET, LLC d/b/a BILL'S FOOD AND DRINK, JOHN G. DELUCIE, SEAN LARGOTTA, and MARK THOMAS AMADEI, | |
| Defendants. | |

Plaintiffs Ivo Juhani, Bernard Burlew, Kenyon Oster, Christian Wilbur, and Osiel

Saldivar ("plaintiffs") on behalf of themselves and all others similarly situated, by their

attorneys, Berke-Weiss & Pechman LLP and Joseph & Kirschenbaum LLP, complaining

of defendants Crown Group Hospitality, LLC, ("CGH"), The Lion Restaurant Group,

LLC d/b/a The Lion ("The Lion"), 24 East 81st Street Restaurant, LLC d/b/a Crown

("Crown"), 57 East 54th Street, LLC d/b/a Bill's Food and Drink ("Bill's"), John G.

DeLucie, Sean Largotta, and Mark Thomas Amadei (collectively referred to herein as

"defendants" or "Crown Group"), allege:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid overtime wages and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New

York Labor Law § 190, *et seq.* ("NYLL"), on behalf of waitstaff who worked for

defendants.

2.      This action also seeks to recover misappropriated "service charges"

which, upon information and belief, defendants led their customers to believe were

gratuities to be paid in their entirety to their service staff but which were actually

retained by the house.  This practice was held by the New York Court of Appeals in

*Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), to be unlawful.  The Court of Appeals

in *Samiento* stated:

> We conclude that a charge that is not a voluntary payment
> may be a "charge purported to be a gratuity" within the
> meaning of the statute.

*Id.* at 74.

3.      The *Samiento* case relied on NYLL § 196-d, which requires that:

> No employer or his agent or an officer or agent of any
> corporation, or any other person shall demand or accept,
> directly or indirectly, any part of the gratuities, received by
> an employee, or retain any part of a gratuity or of any charge
> purported to be a gratuity for an employee.

4.      Plaintiffs seek injunctive and declaratory relief against defendants'

unlawful actions, compensation for unpaid minimum wages and tips, unpaid overtime

pay, liquidated damages, compensatory damages, interest, and attorneys' fees and costs

pursuant to the FLSA and the NYLL.

## JURISDICTION

5.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. § 1367.

## VENUE

6.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as The Lion, Crown, and Bill's are located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

7.      Ivo Juhani ("Juhani") resides in Brooklyn, New York.  He was employed as a server at Bill's in or about November 2012 and worked there through March 2013.

8.      Bernard Burlew ("Burlew") resides in New York, New York.  He was employed as a server at The Lion from in or about April 2011 through in or about November 2011, and was employed as a server at Crown from in or about September 2011 to in or about November 2011.

9.      Kenyon Oster ("Oster") resides in Brooklyn, New York.  He was employed as a server at The Lion since in or about February 2011 to in or about September 2012.

10.      Christian Wilbur ("Wilbur") resides in Brooklyn, New York.  He has been employed as a server at Crown since in or about September 2011 to present.

11.      Osiel Saldivar ("Saldivar") was employed as a busboy/barback at The Lion from in or about April 2011 to in or about December 2012.

12.      Plaintiffs are defendants' employees within the meaning of the FLSA and the NYLL, and worked for defendants' restaurants The Lion, Crown, and Bill's as employees subject to the tip credit provisions of the NYLL and the FLSA.

3

13.     At all times relevant to this action, Juhani, Burlew, Oster, Wilbur, and Saldivar have been engaged in commerce or in the production of goods for commerce on behalf of defendants.

**Defendants**

14.     Defendant Crown Group Hospitality, LLC is a New York corporation with principal offices at 54 West 21st Street, Suite 905, New York, New York, 10010, that owns and operates The Lion, a restaurant located at 62 West 9th Street, New York, New York 10011, Crown, a restaurant located at 24 East 81st Street, New York, New York, 10028, and Bill's, a restaurant located at 57 East 54th Street, New York, New York, 10022.

15.     Defendant Crown Group Hospitality, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

16.     Defendant The Lion Restaurant Group, LLC d/b/a The Lion is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

17.     Defendant 24 East 81st Street Restaurant, LLC d/b/a Crown is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for

4

commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

18. Defendant 57 East 54th Street, LLC d/b/a Bill's Food and Drink, is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

19. Upon information and belief, Crown Hospitality Group, LLC, The Lion Restaurant Group, LLC d/b/a The Lion, 24 East 81st Street Restaurant, LLC d/b/a Crown, and 57 East 54th Street, LLC d/b/a Bill's Food and Drink, are joint employers of plaintiffs with a high degree of interrelated and unified operations, common management, centralized control of labor relations, common ownership, common control, common website, common business purpose, and interrelated business goals.

20. Defendant John G. DeLucie ("DeLucie") is a person engaged in business in the City and County of New York, who is an owner, officer, and/or agent of Crown Hospitality Group, LLC, The Lion Restaurant Group, LLC d/b/a The Lion, 24 East 81st St Restaurant, LLC d/b/a Crown, and 57 East 54th Street, LLC d/b/a Bill's Food and Drink. DeLucie exercises sufficient control over Crown Group's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at The Lion, Crown, and Bill's.

21. Defendant Sean Largotta ("Largotta") is a person engaged in business in the City and County of New York, who is an owner, officer, and/or agent of Crown

5

Hospitality Group, LLC, The Lion Restaurant Group, LLC d/b/a The Lion, 24 East 81st St Restaurant, LLC d/b/a Crown, and 57 East 54th Street, LLC d/b/a Bill's Food and Drink. Largotta exercises sufficient control over Crown Group's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at The Lion, Crown, and Bill's.

22.     Defendant Mark Thomas Amadei ("Amadei") is a person engaged in business in the City and County of New York, who is an owner, officer, and/or agent of Crown Hospitality Group, LLC, The Lion Restaurant Group, LLC d/b/a The Lion, 24 East 81st St Restaurant, LLC d/b/a Crown, and 57 East 54th Street, LLC d/b/a Bill's Food and Drink. Amadei exercises sufficient control over Crown Group's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at The Lion, Crown, and Bill's.

**CLASS ACTION ALLEGATIONS**

23.     The claims in this Complaint arising out of the NYLL are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and of a class consisting of all persons who have worked as waiters, runners, busboys, bartenders, and barbacks ("waitstaff") for defendants at The Lion, Crown, and Bill's for the past six years (the "Rule 23 Class").

24.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

25.     Upon information and belief, the size of the Rule 23 Class is at least fifty (50) people, although the precise number of such employees is unknown. Facts

supporting the calculation of that number are presently within the sole control of defendants.

26.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

27.    Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

    a.  Whether defendants violated NYLL Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations; 12 N.Y.C.R.R. Parts 137 and 146, as alleged herein;

    b.  Whether defendants failed to pay the plaintiffs and the Rule 23 Class overtime mandated under the NYLL;

    c.  Whether defendants had demanded, handled, pooled, counted, distributed, accepted and/or retained service charges or portions of service charges paid by customers and which customers reasonably believed to be gratuities for the waitstaff;

    d.  Whether defendants' policy of failing to pay workers at the statutorily prescribed overtime rate was instituted willfully; and

    e.  The nature and the extent of class-wide injury and the measure of damages for those injuries.

28.    The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for defendants as waitstaff within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid at the correct overtime rate, and to keep the gratuities they earn. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

29.     Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to defendants' common policies, practices, and patterns of conduct.

30.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class members.

31.     Plaintiffs have retained counsel competent and experienced in wage and hour litigation and class action litigation.

32.     There is no conflict between the plaintiffs and the Rule 23 Class members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of defendants' compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages.  In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

34.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

35.     The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons who are current and

8

former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

36.    The FLSA Collective consists of scores of employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages, tips that they earned, and other wages.

37.    The FLSA Collective consists of employees who, during their employment with defendants, worked as waitstaff and fell into the category of "tipped employees," receiving a tipped minimum wage, *i.e.* defendants took a tip credit. 29 U.S.C. § 203(t).

38.    As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. depriving its waitstaff of tips that they earned;

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL; and

   c. failing to pay employees for all time worked in excess of 40 hours per week.

39.    Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

40.    The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated

9

employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE UNLAWFUL RETENTION OF SERVICE CHARGES

40.     At any given time, The Lion, Crown, and Bill's each employ approximately fifteen (15) waiters, busboys, and runners (the "waitstaff"), who fall under the category of "tipped employees" pursuant to 29 U.S.C. § 203(t).

41.     Section 196(d) of the NYLL provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

42.     The Lion, Crown, and Bill's frequently host private events where clients rent out entire sections of the restaurants.  These private events are worked by the waitstaff.

43.     Defendants negotiate a "staffing fee" with clients for private events, with amounts ranging from eighteen percent (18%) to twenty-five percent (25%) of the final bill.

44.     Upon information and belief, customers were not charged tax on the "staffing fee."

45.     Clients were told that this "staffing fee" was a gratuity that would be distributed to the waitstaff who worked the private event.  However, defendants did not distribute this "staffing fee" to the waitstaff.  For example, although Juhani, Burlew, and Wilbur regularly worked as servers for private events, they did not receive any tips or gratuities for their work at these private events.

46.     Defendants' skimming of the gratuity of the waitstaff violates Section 196(d) of the NYLL.

## CROWN GROUP'S FAILURE TO PAY OVERTIME
## AND FOR ACTUAL HOURS WORKED

47.     The FLSA and NYLL require that employers pay all employees one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

48.     Crown Group has a policy and practice of shaving hours off of its employees' time records.

49.     Defendants' policy is designed to prevent employees' time cards from reflecting any overtime work.

50.     Defendants instruct waitstaff to "hold off" on clocking in and out of the timekeeping system to ensure the waitstaff do not go into overtime.  For example, at the beginning of his shift, Juhani was instructed to wait approximately thirty (30) minutes before clocking in, and was often logged out of the timekeeping system by management approximately thirty (30) minutes before the end of his shift.

51.     In addition, waitstaff are not permitted to clock in to the timekeeping system for private dining events.  Instead, waitstaff are instructed to use a separate sign-in sheet for private events.  Waitstaff then receive two separate checks: one check for the "regular" dining room hours worked, and another check for private dining events.

52.     When waitstaff's regular shift hours are combined with the time spent working the private dining events, their weekly hours regularly exceed forty (40).

53.     Waitstaff work anywhere from five (5) to eight (8) hours per private dining event, and one (1) to three (3) private dining events per week, depending on the season.

11

54.     Servers who work private dining events receive a "party pay" hourly rate of twenty-five dollars ($25), and busboys and runners who work private dining events receive twenty dollars ($20) per hour.  Regular shifts are paid at five dollars ($5) per hour.

55.     Crown Group did not pay its waitstaff at the overtime rate of one and one-half (1½) times the regular hourly rate for all hours worked in excess of forty (40) hours per week.  The exact accounting of such wage theft can only be determined for plaintiffs, Rule 23 Class, and the FLSA Collective upon completion of discovery.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

56.     Plaintiffs repeat and reallege paragraphs 1 through 55 as if fully set forth herein.

57.     Defendants were required to pay plaintiffs and the FLSA Collective no less than one and one-half times the regular rate at which plaintiff were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

58.     Defendants failed to pay plaintiffs and members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

59.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and members of the FLSA Collective overtime wages.

60.     Due to defendants' violations of the FLSA, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

12

**SECOND CLAIM**
**(New York Labor Law – Unpaid Overtime)**

61.    Plaintiffs repeat and reallege paragraphs 1 through 60 as if fully set forth herein.

62.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs and the Rule 23 Class time and one half of the regular rate for all hours they worked in excess of forty (40).

63.    Defendants miscalculated and failed to pay plaintiffs and members of the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

64.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs and members of the Rule 23 Class the correct amount of overtime wages.

65.    Due to defendants' willful violations of the NYLL, plaintiffs and members of the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law - Unlawful Deductions)**

66.    Plaintiffs repeat and reallege paragraphs 1 through 65 as if fully set forth herein.

67.    New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

68.    New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

13

69.     Defendants unlawfully retained a portion of waitstaff's tips.

70.     Defendants' knowing and intentional demand and retention of a portion of the waitstaff's tips were willful violations of the NYLL and supporting Department of Labor Regulations.

71.     As a result of defendants' willful violations of the NYLL, plaintiffs and the Rule 23 Class are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment:

a.      authorizing the issuance of notice at the earliest possible time to all tipped employees who were employed by defendants during the six years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to participate in this lawsuit;

b.      declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

c.      declaring that defendants have violated the unlawful deductions provisions of the NYLL;

d.      declaring that defendants' violations of the FLSA were willful;

e.      awarding plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

f.      disgorging from defendants and ordering that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

14

g.     awarding plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.     awarding plaintiffs, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and the NYLL;

i.     awarding plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

j.     awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        May 30, 2013

BERKE-WEISS & PECHMAN LLP

By: _____
     Louis Pechman, Esq.
     Jessica N. Tischler, Esq.
     488 Madison Avenue - 11th Floor
     New York, New York 10022
     (212) 583-9500


JOSEPH & KIRSCHENBAUM LLP

By: _____
     D. Maimon Kirschenbaum, Esq.
     Denise Schulman, Esq.
     233 Broadway, 5th Floor
     New York, NY 10279
     (212) 688-5640

*Attorneys for Plaintiffs*