UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2015

IVO JUHANI, BERNARD BURLEW, KENYON OSTER, CHRISTIAN WILBUR, and OSIEL SALDIVAR, on behalf of themselves and all others similarly situated,

               Plaintiffs,

  -against-

CROWN GROUP HOSPITALITY, LLC, THE LION RESTAURANT GROUP, LLC d/b/a THE LION, 24 EAST 81ST STREET RESTAURANT, LLC d/b/a CROWN, 57 EAST 54TH STREET, LLC d/b/a BILL'S FOOD AND DRINK, JOHN G. DELUCIE, SEAN LARGOTTA, AND MARK THOMAS AMADEI,

               Defendants.

13 CV 3653 (VEC)

**FINAL JUDGMENT AND ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Having considered Plaintiffs' Motion for Final Approval, the supporting memorandum of law and the Declaration of Denise A. Schulman and exhibits thereto, the oral arguments presented at the January 20, 2015 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

      1.    This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement") dated August 15, 2014, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3. The Court certifies the Fed. R. Civ. P. 23 Class (the "Class") for settlement purposes. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(b)(3).

4. The Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as Class Representatives as described in the Settlement Agreement.

5. Defendants must remit the First Installment of the Settlement Amount to the Claims Administrator no later than 10 days after the Effective Date. Defendants must remit the Second Installment of the Settlement Amount to the Claims Administrator no later than June 20, 2015.

6. The $575,000.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated at arm's-length by experienced and capable counsel after meaningful discovery, and further that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

7. The Parties' judgment that the Settlement is fair, reasonable and adequate, as well as the Class's favorable response to the Settlement, weigh in favor of final approval of the Settlement.

8. The Settlement Agreement shall be effective thirty (30) days after entry of this Order if no appeal is taken of this Order. If an appeal is taken of this Order, the Effective Date shall be thirty (30) days after the appeal has been withdrawn or after entry of a final order and judgment after resolving any appeals.

9. The Court awards Class Counsel one-third of the total settlement amount, or $191,666.66, as attorneys' fees to be paid from the Settlement Fund.

10. The Court awards Class Counsel $400 for costs and expenses incurred in this Lawsuit to be paid from the Settlement Fund.

11. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

12. The Court approves five Enhancement Awards of $2,500 each to Plaintiffs Ivo Juhani, Bernard Burlew, Kenyon Oster, Christian Wilbur, and Osiel Saldivar to be paid from the Settlement Fund. The Enhancement Awards are reasonable in light of the efforts the Plaintiffs expended in furthering the interests of the Class.

13. The entire Lawsuit is dismissed with prejudice and without costs to any party. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

14. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

15. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

Dated: January 26, 2015
New York, New York

                                                    Hon. Valerie Caproni
                                                    United States District Judge